COULTER PONTIAC, INC., APPELLANT, *v.* PONTIAC MOTOR DIV., GENERAL MOTORS CORP., APPELLEE.

(No. 81 C.A. 83—Decided December 2, 1981.)

*Mr. Carmen A. Policy* and *Mr. James McNally,* for appellant.

*Mr. John M. Newman, Jr.,* and *Mr. Robert R. Weller,* for appellee.

DONOFRIO, J. Appeal from the Court of Common Pleas of Mahoning County.

Plaintiff-appellant, Coulter Pontiac, Inc., a franchised dealer of defendant-appellee, Pontiac Motor Division, General Motors Corporation, filed a complaint on May 20, 1981, for injunction and relief to prevent appellee from terminating the dealer franchise agreement which was entered into on May 16, 1979. The underlying reason that appellee notified appellant on February 20, 1981 of its intention to discontinue servicing appellant was because of a total change in stock ownership, which allegedly violated the terms of the franchise agreement.

Appellant cites various health and financial reasons that necessitated the change in stock ownership. In response, appellee cites Subsections A(2)(a) and (e), Article IV of the dealer agreement, which state as grounds for termination:

"(a) The removal, resignation, withdrawal or elimination from Dealer for any reason of any Dealer Operator or Dealer Owner.

"* * *

"(e) Any change in the management of Dealer, as set forth in the Management and Ownership Addendum, without the prior written approval of Pontiac."

A temporary restraining order was issued on May 20, 1981 by the court of common pleas, the day the complaint was filed, pending further hearing.

On June 9, 1981, appellee filed a motion to dissolve the temporary restraining order on the grounds the complaint failed to state a claim on which relief could be granted, and also filed that day a motion to dismiss the complaint. Although the trial court was faced with determination of a motion to dismiss, the factual framework to be determined was in existence, by virtue of the pleadings and exhibits, attached thereto along with the contract in existence between the parties.

Upon hearing, the trial court dissolved the temporary restraining order and dismissed the complaint on June 16, 1981.

Appellant sets forth two assignments of error, which state:

"1. The Court of Common Pleas erred in denying plaintiff-appellant's right to injunction pending a hearing on the merits and granting defendant's motion to dismiss, by failing to recognize that Ohio Revised Code 4517.54 and 4517.55, does [*sic*] have retroactive application.

"2. Even if Section 4517.54 is held by this court not to be retrospective, the lower court will still be incorrect in granting defendant's motion to dismiss, as plaintiff's complaint was legally sufficient to state a cause of action."

Central to the determination of this appeal is the issue of the application of

R.C. 4517.54. The pertinent parts of that section are:

"(A) Notwithstanding the terms, provisions, or conditions of an existing franchise, no franchisor shall terminate or fail to continue or renew a franchise except for good cause.

"* * *

"(C) A franchisee receiving written notice from a franchisor proposing to terminate, discontinue, or not renew a franchise may seek a preliminary and permanent injunction in the common pleas court · in the county in which the franchisee's dealership is located against the termination, discontinuance, or nonrenewal of such franchise without good cause."

Once R.C. 4517.54 was enacted, prior Revised Code sections applicable to franchise terminations were either amended and renumbered or repealed. These sections were numbered R.C. 1333.71 to 1333.82 inclusive, and were in effect at the time that the dealership agreement had been entered into. R.C. 1333.72 stated:

"Notwithstanding the terms, provisions, or conditions of any agreement or franchise, no manufacturer engaged in the sale and distribution of motor vehicles, * * *, shall:

"* * *

"(B) Prevent a dealer from changing administrative or executive management *other than* the principal officer or operator of a dealer if the franchise was granted in reliance upon the personal ability of such person;" (Emphasis added.)

The remaining paragraphs permitted transfer of stock as long as there was no change in control of the franchise.

Appellant's first assignment of error asserts that the trial court erred in failing to apply R.C. 4517.54 and 4517.55 retroactively. The second assignment of error charges that, if R.C. 4517.54 is not retroactive, the trial court should have allowed appellant to amend its complaint to allege a claim under former R.C. 1333.73 and

1333.74, which were in effect and did in fact govern appellant's contract with appellee. The new dealer statute, which did not become effective until March 14, 1980, replaced an earlier "Dealers Act" which had been in effect since 1971. The earlier Act, which was the one in effect at the time appellant entered into the dealership agreement now at issue, imposed much narrower limitations on the rights of franchisors and, unlike the newer statute, did not grant to franchisees the right to compel franchisors to continue the franchise.

We find that the trial court did not err in determining that R.C. 4517.54 and 4517.55 do not have retroactive application. *Clifford Jacobs Motors, Inc.,* v. *Chrysler Corp.* (S.D. Ohio 1973), 357 F. Supp. 564, held that that Act did not govern contracts which had been executed prior to the effective date of the statute. In rendering this decision, the court relied principally upon the statutorily mandated rule of construction in Ohio (R.C. 1.48), that:

" 'A statute is presumed to be prospective in operation unless expressly made retrospective.' " *Clifford Jacobs Motors, supra,* at 571.

Its analysis of the Act failed to reveal any express provision which established a legislative intent to make the statute retrospective:

"In the absence of any express provision in Section[s] 1333.73 and 1333.74 indicating that the legislature intended these statutes to be retrospective, and in the absence of Ohio decisions on this matter, we think that due regard for the statutory presumption requires us to find that Sections 1333.73 and 1333.74 are prospective in operation and are not therefore applicable in this case." *Clifford Jacobs Motors, supra,* at 572.

The reasoning of *Clifford Jacobs Motors* was applied again more recently to a similar provision in an analogous Ohio law. *Excello Wine Co.* v. *Monsieur Henri Wines, Ltd.* (S.D. Ohio 1979), 474 F.

Supp. 203, held that the "just cause" standard of the Ohio Alcoholic Beverages Franchise Act, R.C. 1333.82 *et seq.,* could not be retroactively applied to a pre-existing oral franchise.

R.C. 1.58 also prohibits modification of pre-existing contractural rights:

"(A) The reenactment, amendment, or repeal of a statute does not, * * *

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any * * * right * * * or liability previously acquired, accrued, accorded, or incurred thereunder;"

Section 28, Article II of the Ohio Constitution explicitly states:

"The general assembly shall have no power to pass retroactive laws or laws impairing the obligation of contracts; * * *."

Arguably, if the legislature intended to make the new statute retroactive, it had no power to do so.

Other courts have found that franchise statutes similar to that in Ohio cannot apply to pre-existing contracts. *Yamaha Parts Distrib., Inc.* v. *Ehrman* (Fla. 1975), 316 So. 2d 557.

Appellant argues that the word "existing" in R.C. 4517.54 evidences legislative intent that the new dealers' act be applied retroactively. Second, appellant claims that R.C. 4517.54 should be applied retroactively because it is remedial.

In *Witt* v. *Union Oil Co. of Cal.* (1979), 99 Cal. App.3d 435, 160 Cal. Rptr. 285, the statute at issue was a California Franchise Act which was similar in design to the Ohio Auto Dealers Act and to various other state franchise statutes. By language almost identical to R.C. 4517.54, the California Franchise Act stated that:

" '* * * no franchisor shall terminate, cancel or refuse to renew *any existing* franchise without good cause.' " 99 Cal. App. 3d at 438.

Plaintiff in *Witt* had entered into his franchise agreement more than two years before the California statute was enacted but, like appellant here, Witt argued that the California statute applied retroactively to his agreement, based on the word "existing" in the same context as found in Ohio. The California Court of Appeals rejected Witt's argument:

"His interpretation of section 20999.1 would engraft on the lease a continuing term that could never be terminated except for one or more of the 'good cause' conditions enumerated in the section. * * * Such a drastic amendment to existing leases and franchise contracts was not intended by the Legislature." 99 Cal. App. 3d at 438.

Appellant asserts that R.C. 4517.54 and 4517.55 should be applied retroactively because they are remedial, or procedural, rather than statutes that create new rights or take away vested rights.

The question of whether a statute is remedial or procedural as opposed to substantive many times is a mixed and difficult question. We do not find that the statutes involved herein are remedial or procedural.

The provisions at issue are intended to add the substantive requirement in franchise contracts, covered by the Act, that grounds for termination be limited to those specific reasons set forth by statute. That the statutes are substantive is reflected in the decisions in Ohio and elsewhere. The major and substantive change accomplished by the new dealer statutes is the provision which now requires that franchise contracts made after the statutory effective date can be terminated only upon the grounds defined by statute. Thus, R.C. 4517.54 and 4517.55 cannot be described as remedial or procedural. They are substantive statutes.

For the foregoing reasons we overrule appellant's first assignment of error.

Under appellant's second assignment of error, it argues that if the court finds that R.C. 4517.54 has no retroactive application, then under the notice pleading rules, its complaint should be held to be legally sufficient and allow for amend-

ment invoking the remedy and injunction relief provided for under R.C. 1333.73 and 1333.74.

As to appellant's request for leave to amend its complaint, there was no such request made at the trial court level and the record does not indicate any action by the trial court that we can consider as reversible error. Such claim on appeal cannot be made unless such action was taken in the lower court. Furthermore, the factual questions were determined by the trial court. These entered the case as indicated at the beginning of this opinion by exhibits and pleadings. We cannot, therefore, consider appellant's second assignment of error and overrule same.

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*Judgment affirmed.*

LYNCH, P.J., and O'NEILL, J., concur.